UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>DOUGLAS S. WATERBURY,<br>CAROL A. WATERBURY,<br>E&A MANAGEMENT CO., and<br>ONTARIO REALTY, INCORPORATED,<br><br>        Defendants. | **COMPLAINT**<br>5:18-CV-440[DNH/TWD] |

## COMPLAINT

The United States of America alleges as follows:

1. The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601, *et seq.* ("Fair Housing Act").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, 2201, and 2202, and 42 U.S.C. § 3614(a).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the United States' allegations occurred in the Northern District of New York, and the Defendants reside or do business in the Northern District of New York.

## FACTUAL ALLEGATIONS

4. Defendant Douglas S. Waterbury is a resident of Oswego, New York. Defendant Douglas Waterbury personally owns and manages residential properties that are located in and around Oswego, New York.

5. Since at least 1990, Defendant Douglas Waterbury has advertised, leased, and rented residential properties located in and around Oswego, New York.

6. Waterbury, along with the other named Defendants, currently owns or manages approximately fifty residential properties in the Oswego area. These properties are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

7. Defendant Carol A. Waterbury, the wife of Defendant Douglas Waterbury, is a resident of Oswego, New York.

8. Defendant Carol Waterbury personally owns or manages residential properties located in and around Oswego, New York.

9. Defendant E&A Management Co. ("E&A Management") is a real estate or property management company that owns or manages properties in the Oswego area and conducts business in New York.

10. Defendant E&A Management is, and at times relevant to this action was, listed as the landlord or owner on leases that Defendants Douglas and Carol Waterbury have entered into with tenants in the Oswego area.

11. Defendant E&A Management acts primarily through Defendants Douglas and Carol Waterbury.

12. Defendant Ontario Realty, Incorporated ("Ontario Realty"), at times relevant to this action, was a New York domestic business corporation. Defendant Douglas Waterbury served as Chief Executive Officer, Principal Executive Officer, and/or a principal agent of Ontario Realty. Ontario Realty was dissolved by proclamation on or about October 26, 2016.

13. Defendant Ontario Realty is, or at times relevant to this action was, a real estate or property management entity that has owned or managed properties located in the Oswego area.

14. Defendant Ontario Realty is, or at times relevant to this action was, listed as landlord or owner on residential property leases for properties located in and around Oswego, New York.

15. During times relevant to this action, Defendant Ontario Realty processed credit payments for residential real estate properties owned or managed, in whole or in part, by Defendants Douglas Waterbury, Carol Waterbury, or E&A Management.

16. Defendants Douglas and Carol Waterbury are owners, officers, partners, and/or agents of a residential real estate rental and management business conducted, at relevant times, in the name of or through Defendants E&A Management and Ontario Realty.

17. Defendants Douglas and Carol Waterbury have intentionally entered into and operated this residential property rental and management business partnership, conducted through Defendants E&A Management and Ontario Realty, and through other means.

18. Defendants Douglas and Carol Waterbury have jointly controlled and managed their residential property rental and management business partnership, including Defendants E&A Management and Ontario Realty, by, for example, advertising units for rent, showing units to prospective tenants, signing rental leases, interacting with tenants, collecting rent from tenants, and processing credit and rental payments.

19. Defendants Douglas and Carol Waterbury have each performed the activities described in paragraph 18, and they have done so in the name of Defendants E&A Management and Ontario Realty, and at times relevant to this action.

20. By undertaking the actions described in paragraph 18, Defendants Douglas and Carol Waterbury have contributed their own property, resources, effort, skill, and knowledge to

their residential property rental and management business partnership and to the other Defendants.

21. Defendants Douglas and Carol Waterbury have each shared in the profits and losses of their joint residential property rental and management business partnership, including the profits and losses of the business of Defendants E&A Management and Ontario Realty.

22. As an owner, officer, partner, and/or principal agent of E&A Management and the joint residential property rental and management business partnership, Defendant Carol Waterbury has expressly or implicitly granted Defendant Douglas Waterbury authority to act on her behalf at times relevant to this action.

23. The Defendants' residential rental properties are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

24. Since approximately 1990 through the present, Defendant Douglas Waterbury has subjected female prospective and actual tenants of the Defendants' residential rental properties to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment, on multiple occasions. Such conduct has included, but is not limited to:

   a. Demanding that female prospective tenants engage in, or pressuring them to engage in, sexual intercourse, oral sex, or other sexual acts with him in order to obtain rental housing, including while in the process of showing them potential rental units;

   b. Demanding that female tenants engage in, or pressuring them to engage in, sexual intercourse, oral sex, or other sexual acts with him in order to obtain or keep rental housing;

c. Subjecting actual and prospective female tenants to unwelcome sexual contact and groping, including sexual intercourse and sexual touching of their breasts and bodies, without their consent;

d. Offering to grant tangible benefits—such as reducing or excusing rent payments or deposit amounts—in exchange for engaging in sexual acts with him;

e. Refusing to provide needed maintenance services or otherwise taking adverse housing actions, or threatening to take such actions, against female tenants who objected to his unwelcome sexual harassment or who refused to engage in sexual acts with him;

f. Making intrusive, unannounced visits to female tenants' homes to conduct and further his sexual advances;

g. Menacing female tenants and prospective tenants by repeatedly driving by their homes and knocking on their doors when he had no apparent legitimate reason to do either;

h. Frequently making unwelcome sexual comments, propositions, and sexual advances to female tenants and prospective tenants; and

i. Asking female prospective and actual tenants and applicants intrusive personal questions about their romantic relationships and sexual histories during the process of considering them for tenancy in Defendants' rental housing and during their tenancies.

25. For instance, in May 2017, in Oswego, Defendant Douglas Waterbury locked a prospective tenant—who was a teenager at the time—in a rental unit, lifted her shirt and felt her breasts, pushed her onto a couch, engaged in unwelcome and painful sexual intercourse and oral

sex with her, and instructed her not to tell anyone what had just happened. Defendant Douglas Waterbury took these actions without the prospective tenant's consent.

26. Additionally, in or around late 2016, Defendant Douglas Waterbury asked another prospective tenant to engage in sexual acts with him in order to rent a unit. She declined. For a period of months thereafter, Defendant Douglas Waterbury repeatedly contacted this woman and approached her in person, and, on one occasion, showed up to her home uninvited, demanding to speak with her about apartments he had available for rent and her willingness to trade sex for housing benefits, such as a lower security deposit and monthly rent. Although the woman was in desperate need of housing and eventually became homeless, she continued to refuse.

27. Defendant Douglas Waterbury also made different representations to the prospective tenant referred to in paragraph 26 and to her boyfriend about the availability of the Defendants' rental housing. When the prospective tenant's boyfriend called Defendant Douglas Waterbury in response to a listing for available apartments in the Oswego area, he informed the boyfriend that he had no apartments available. However, when the prospective tenant herself called Defendant Douglas Waterbury to inquire about the same advertisement minutes later, he informed her that he did have apartments available for rent and indicated that he would lower her rent and deposit amounts if she engaged in sex acts with him.

28. In yet another example, in or about the spring of 2016, Defendant Douglas Waterbury entered into a rent-to-own agreement with a female tenant, through which a portion of her monthly rent would be applied toward a down-payment for a home in New Haven, New York. Throughout the woman's prospective and actual tenancy at the property, Waterbury persistently subjected her to unwelcome sexual propositions, withheld maintenance services, threatened to unilaterally rescind their rent-to-own agreement, and threatened to evict her if she

did not have sex with him. The woman rejected all of Defendant Waterbury's advances and ultimately moved out of the house because of his relentless harassment and threats.

29. The experiences of these three women were not isolated instances. Rather, these were part of Defendant Waterbury's longstanding pattern and practice of illegal sexual harassment of numerous female prospective and actual tenants.

30. Defendants Carol Waterbury, Ontario Realty, and E&A Management are liable for the above-described discriminatory conduct of their partner, agent, co-manager, and co-owner, Douglas Waterbury, which occurred within the scope of his partnership, agency, employment and/or joint ownership. Many of the properties at which the harassment occurred were owned or managed by these Defendants.

31. The above-described actions and conduct of Defendant Douglas Waterbury caused female prospective and actual tenants to suffer physical harm, fear, anxiety, and emotional distress, and inhibited their ability to secure housing for themselves and their families.

## CAUSE OF ACTION

32. By the actions and statements described above, the Defendants have:

   a. Denied dwellings or otherwise made dwellings unavailable because of sex, in violation of 42 U.S.C. § 3604(a);

   b. Discriminated in the terms, conditions, or privileges of the rental or sale of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

   c. Made statements with respect to the sale or rental of dwellings that indicate a preference, a limitation, or discrimination based on sex, in violation 42 U.S.C. § 3604(c);

    d. Represented on the basis of sex that a dwelling was not available when such dwelling was in fact so available, in violation of 42 U.S.C. § 3604(d);

    e. Discriminated in the terms and conditions of residential real estate-related transactions because of sex, in violation of 42 U.S.C. § 3605; and

    f. Coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by Sections 804 and 805 of the Fair Housing Act, in violation of 42 U.S.C. § 3617.

33. The Defendants' conduct constitutes:

    a. A pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*; and

    b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, where such denial raises an issue of general public importance.

34. Prospective and actual tenants have been injured by the Defendants' discriminatory conduct. These persons are "aggrieved persons" as defined in 42 U.S.C. § 3602(i), and have suffered damages as a result of the Defendants' conduct.

35. The Defendants' conduct was intentional, willful, and taken in reckless disregard of the rights of others.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States requests that the Court enter an Order that:

    a. Declares that the Defendants' discriminatory practices violate the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*;

b. Enjoins the Defendants, their agents, employees, and successors, and all other persons in the active concert or participation with them from:

   i. Discriminating on the basis of sex, including engaging in sexual harassment, in any aspect of the rental or sale of a dwelling;

   ii. Interfering with or threatening to take any action against any person engaged in the exercise or enjoyment of rights granted or protected by the Fair Housing Act;

   iii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendants' past unlawful practices to the position they would have been in but for the discriminatory conduct; and

   iv. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, as nearly as practicable, the effects of the Defendants' unlawful practices;

c. Awards monetary damages to each person aggrieved by the Defendants' discriminatory conduct, pursuant to 42 U.S.C. § 3614(d)(1)(B);

d. Assesses civil penalties against the Defendants to vindicate the public interest, pursuant to 42 U.S.C. § 3614(d)(1)(C); and

e. Awards such additional relief as the interests of justice may require.

Dated: April 11, 2018

                                                                      Respectfully submitted,

| | |
|---|---|
| GRANT C. JAQUITH<br>United States Attorney<br>Northern District of New York | JEFFERSON B. SESSIONS III<br>Attorney General |
| _s/John D. Hoggan, Jr._<br>JOHN D. HOGGAN, JR.<br>Assistant United States Attorney<br>Bar Roll No. 511254<br>United States Attorney's Office<br>James T. Foley U.S. Courthouse<br>445 Broadway, Room 218<br>Albany, New York 12207<br>Phone: (518) 431-0247<br>Fax: (518) 431-0386<br>Email: John.Hoggan@usdoj.gov | _s/John M. Gore_<br>JOHN M. GORE<br>Acting Assistant Attorney General<br>Civil Rights Division<br><br>_s/Sameena Shina Majeed_<br>SAMEENA SHINA MAJEED<br>Chief<br><br>_s/Lori K. Wagner_<br>R. TAMAR HAGLER<br>Deputy Chief<br>LORI K. WAGNER<br>ELIZA H. SIMON<br>Trial Attorneys<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW – NWB<br>Washington, DC 20530<br>Phone: (202) 305-3107<br>Fax: (202) 514-1116<br>Email: Lori.Wagner@usdoj.gov<br><br>Attorneys for Plaintiff<br>United States of America |

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

5:18-CV-440

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
DOUGLAS S. WATERBURY, CAROL A. WATERBURY, E&a MANAGEMENT CO., and ONTARIO REALTY, INCORPORATED

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Oswego
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John D. Hoggan, Jr., Assistant U.S. Attorney
445 Broadway, Albany, NY 12207  Tel: (518) 431-0247

Attorneys *(If Known)*
Lindsey H. Hazelton and Robert Whitaker, Jr.
Hancock Estabrook, LLP
1500 AXA Tower, 100 Madison Street, Syracuse NY 13202

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | [X] 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 3601
Brief description of cause:
Discrimination in housing on the basis of sex

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  D'Agostino
DOCKET NUMBER  5:17-cv-868

DATE  04/11/2018
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT  Waived  APPLYING IFP _____  JUDGE  DNH  MAG. JUDGE  TWD