UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>DOUGLAS S. WATERBURY, CAROL A. WATERBURY, E&A MANAGEMENT, CO., and ONTARIO REALTY, INC.,<br><br>            Defendants. | **ANSWER**<br><br>Case No.: 5:18-cv-440<br><br>MAD/TWD |

   DEFENDANT Carol A. Waterbury, (hereinafter "Mrs. Waterbury"), by and through her attorneys, Hancock Estabrook, LLP, for her Answer to Plaintiff's Complaint hereby responds as follows:

## COMPLAINT

1.   ADMITS the allegations in Paragraph 1 only to the extent they purport to identify the nature of the action as seeking redress under the referenced statutes.

## JURISDICTION AND VENUE

2.   ADMITS the allegations in Paragraph 2 of the Complaint.

3.   ADMITS the allegations in Paragraph 3 of the Complaint.

## FACTUAL ALLEGATIONS

4.   ADMITS the allegations in Paragraph 4 of the Complaint.

5.   ADMITS the allegations in Paragraph 5 of the Complaint.

6.   ADMITS only that Defendant Douglas Waterbury was/is a manager of properties, but DENIES the remaining allegations in Paragraph 6 of the Complaint.

7.   ADMITS the allegations in Paragraph 7 of the Complaint.

8. DENIES the allegations in Paragraph 8 of the Complaint specifically as to ownership. Mrs. Waterbury has, since on or about September 2017 participated in the management of said properties.

9. DENIES the allegations in Paragraph 9 of the Complaint as related to "ownership".

10. ADMITS the allegations in Paragraph 10 of the Complaint.

11. ADMITS the allegations in Paragraph 11 of the Complaint as to Mrs. Waterbury only since in or around September 2017.

12. ADMITS the allegations in Paragraph 12 of the Complaint, upon information and belief.

13. DENIES the allegations in Paragraph 13 of the Complaint as to ownership.

14. ADMITS the allegations in Paragraph 14 of the Complaint.

15. ADMITS the allegations in Paragraph 15 of the Complaint, except specifically DENIES ownership or management by anyone other than Douglas Waterbury.

16. DENIES the allegations in Paragraph 16 of the Complaint as stated.

17. DENIES the allegations in Paragraph 17 of the Complaint, ADMITTING only that Mrs. Waterbury first became involved in property rental and management in or around September 2017.

18. DENIES the allegations in Paragraph 18 of the Complaint, ADMITTING only that Mrs. Waterbury first became involved in property rental and management in or around September 2017.

19. DENIES the allegations in Paragraph 19 of the Complaint, ADMITTING only that Mrs. Waterbury first became involved in property rental and management in or around September 2017.

20. DENIES the allegations in Paragraph 20 of the Complaint, ADMITTING only that Mrs. Waterbury first became involved in property rental and management in or around September 2017.

21. DENIES the allegations in Paragraph 21 of the Complaint, ADMITTING only that Mrs. Waterbury first became involved in property rental and management in or around September 2017.

22. DENIES the allegations in Paragraph 22 of the Complaint.

23. AVERS the allegations in Paragraph 23 of the Complaint state a legal conclusion to which no Response is required. To the extent one is, Mrs. Waterbury DENIES same.

24. DENIES KNOWLEDGE OR INFORMATION as to the allegations in Paragraph 24 of the Complaint and therefore, DENIES same.

25. DENIES KNOWLEDGE OR INFORMATION as to the allegations in Paragraph 25 of the Complaint and therefore, DENIES same.

26. DENIES KNOWLEDGE OR INFORMATION as to the allegations in Paragraph 26 of the Complaint and therefore, DENIES same.

27. DENIES KNOWLEDGE OR INFORMATION as to the allegations in Paragraph 27 of the Complaint and therefore, DENIES same.

28. DENIES KNOWLEDGE OR INFORMATION as to the allegations in Paragraph 28 of the Complaint and therefore, DENIES same.

29. DENIES KNOWLEDGE OR INFORMATION as to the allegations in Paragraph 29 of the Complaint and therefore, DENIES same.

30. DENIES the allegations in Paragraph 30 of the Complaint.

31. DENIES KNOWLEDGE OR INFORMATION as to the allegations in Paragraph 31 of the Complaint and therefore, DENIES same.

## CAUSE OF ACTION

32. DENIES the allegations in Paragraph 32 of the Complaint.

33. DENIES the allegations in Paragraph 33 of the Complaint.

34. DENIES the allegations in Paragraph 34 of the Complaint.

35. DENIES the allegations in Paragraph 35 of the Complaint, and each and every other allegation in the Complaint not specifically admitted or otherwise controverted.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

36. The Complaint, in whole or in part, fails to set forth a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

38. Plaintiff's claims and/or those of alleged aggrieved persons are barred by the doctrine of res judicata and/or collateral estoppel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

39. No aggrieved person was denied housing or services by Defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

40. Mrs. Waterbury is neither a proper nor necessary party to this action. Mrs. Waterbury was not an owner or manager of the rental property or housing at issue, and lacked sufficient ownership or control to be liable for the alleged actions of Mr. Waterbury.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

41. Some or all of Plaintiff's claims are not brought in good faith.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

42. Even assuming *arguendo* any liability, Plaintiff is entitled only to nominal damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

43. Defendants E&A and Ontario are not necessary parties.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

44. Defendant Ontario is not an owner or manager of rental property or housing.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

45. Any actions taken by Defendants were done in good faith.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

46. Plaintiffs are not entitled to recover punitive damages, and any award for punitive damages would violate the due process clause under the United States Constitution and the New York State Constitution.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

47. Aggrieved persons were not denied housing and/or did not suffer any tangible loss of housing benefits.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

48. Aggrieved persons were not subjected to conduct that was severe, pervasive or unwelcome.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims against Mrs. Waterbury are without merit in fact or law, are unreasonable and intended solely for the purpose of harassing or injuring Mrs. Waterbury and contain assertions that are materially false in violation of 22 NYCRR § 130-1.1, thereby entitling Mrs. Waterbury to reimbursement of her costs and attorney's fees related this action.

### JURY DEMAND

Defendant demands a trial by jury.

**WHEREFORE**, Defendant seeks judgment dismissing Plaintiff's Complaint in its entirety and such other relief as the Court may deem just and proper.

**DATED:** June 11, 2018

HANCOCK ESTABROOK, LLP

By: /S/ *Lindsey Hazelton*
Linsey H. Hazelton, Esq. (Bar No. 509365)
Robert C. Whitaker, Jr. Esq. (Bar No. 515645)
*Attorneys for Defendants*
1500 AXA Tower I, 100 Madison Street
Syracuse, New York 13202
Telephone: (315) 565-4500 / Facsimile: (315) 565-4600