

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

| | |
|---|---|
| *445 Broadway, Room 218* | *Tel.: (518) 431-0247* |
| *James T. Foley U.S. Courthouse* | *Fax: (518) 431-0386* |
| *Albany, New York 12207-2924* | |

November 28, 2018

Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse, New York 13261-7346

   Re: *United States v. Waterbury, et al.* 5:18-cv-440 (MAD/TWD)

   In accordance with the Court's order of October 24, 2018 (ECF No. 30), the United States writes to provide a status report on its receipt of financial information and its outstanding discovery demands to Defendants.

Status of Receipt of Financial Information

   As explained in the parties' October 23, 2018 Joint Request to Continue Teleconference (ECF No. 29), by letter dated September 24, 2018, the United States and the plaintiffs in *CNY Fair Housing, Inc., et al. v. Waterbury, et al.*, No. 5:17-cv-868 ("Related Case") requested that Defendants provide authorizations to obtain financial records from certain institutions and individuals. The letter listed specific institutions and individuals by name and also requested that Defendants provide releases for any other entities at which they have financial accounts. On October 9, 2018, Defendants provided authorizations to obtain information from 16 entities/individuals, and the United States has subpoenaed information regarding Defendants' finances from all of those entities/individuals. To date, the United States has received responses to all but one of the subpoenas. The United States initially served a subpoena on the New York State Department of Taxation and Finance ("NYS") on October 15, 2018, but was asked by that agency to obtain and submit different authorization forms, including copies of photo identifications for the Waterburys. Defendants provided the requested substitute authorizations, and the United States served NYS with a new subpoena on November 16, 2018. Although the subpoena return date was November 26, 2018, the United States has not yet received any response from NYS.

   In addition, some subpoena recipients requested extensions of their production deadline, and the United States has only recently received their document productions. For example, despite an extension of time to comply and multiple subsequent requests for compliance, production from Business Specialties, LLC and Green Lake Associates, LLC, entities that have loaned millions of dollars to the Defendants, was just received yesterday, November 27, 2018,

Letter to Hon. Thérèse Wiley Dancks
*United States v. Waterbury, et al.*
5:18-cv-440 (MAD/TWD)
November 28, 2018
Page 2


and appears to be incomplete.  And a voluminous document production from JP Morgan Chase was received on November 19, 2018.  All of the subpoenaed records are important to the United States' review of the Defendants' financial status.

The volume of documents received to date is extensive and beyond what the United States had anticipated receiving.  While the United States has not yet completed its review of all documents, the information reviewed so far is insufficient to substantiate Defendants' claims regarding their current financial situation.  Through its review of documents, the United States has also discovered the names of additional entities that appear to have information about Defendants' finances but for which Defendants did not provide authorizations.  The United States has requested additional authorizations from Defendants and plans to serve additional subpoenas for these entities.  The United States anticipates that it will need an additional six weeks to complete review of the subpoena productions.

Finally, in addition to requesting financial authorizations, the United States and plaintiffs in the Related Case also requested that the Defendants direct the law firm of Bousquet Holstein, PLLC to provide an affidavit specifically identifying all documents that the firm has in its possession that reflect Defendants' assets and sources of income.  On October 24, 2018, counsel for Defendants provided to the United States an affidavit, which identified several specific non-privileged documents.  On November 8, 2018, the United States requested that the Defendants obtain directly from Bousquet Holstein all documents in the firm's possession as identified in the affidavit.  The United States has not received any response to this request.

Status of Outstanding Discovery

Regarding the United States' discovery demands, the United States' position is that the Defendants' responses to date have been insufficient. Defendants did not timely respond to the United States' requests but provided a partial production of financial documents responsive to certain of the United States' document requests on September 13-14, 2018.  By Text Minute Order on September 17, 2018, the Court ordered Defendants to provide any outstanding discovery responses to the United States by October 12, 2018.

Defendants served their responses to the United States' First Set of Interrogatories to Douglas Waterbury, First Set of Interrogatories to Carol Waterbury, and First Set of Requests for Admission to Douglas Waterbury on October 23, 2018.  That same day, the parties informed the Court of the status of Defendants' discovery responses, and the Court ordered Defendants to provide a complete response to all outstanding discovery by November 2, 2018 (ECF No. 30). On October 31, 2018, the United States sent counsel for Defendants a letter outlining several deficiencies in the interrogatory responses of Douglas and Carol Waterbury and noting that Defendants had failed to respond in writing to the United States' Requests for Production as required by Federal Rule of Civil Procedure 34.  On November 2, 2018, Defendants provided written responses to the Requests for Production but did not otherwise supplement their

Letter to Hon. Thérèse Wiley Dancks
*United States v. Waterbury, et al.*
5:18-cv-440 (MAD/TWD)
November 28, 2018
Page 3


document production or interrogatory responses.  On November 8, 2018, the United States sent counsel for Defendants a second letter outlining additional deficiencies in the Defendants' responses to the Requests for Production.  In both the October 31 and the November 8 letters, counsel for the United States invited counsel for Defendants to contact the United States to arrange a time to meet and confer regarding the deficiencies outlined in the letters.

On November 8, counsel for Defendants informed counsel for the United States and for the private plaintiffs that their firm had been discharged by the Waterburys as counsel in both this matter and the Related Case "effectively immediately."  Formal notice of substitution of counsel has not been received.  On November 26, 2018, defense counsel provided counsel for the United States and for the plaintiffs in the Related Case with a supplement to Defendants' Rule 26 Disclosures in both lawsuits.  On November 26, the United States again requested that counsel set a date to meet and confer regarding Defendants' discovery deficiencies and proposed times on November 29 and November 30, 2018.  Yesterday, counsel for Defendants informed the United States that she expected a substitution of counsel to occur this week and that the United States should discuss discovery issues with Defendants' new counsel.  This morning, counsel for the United States received a voice mail message from Defendant Douglas Waterbury in response to the request to meet and confer communicating the fact that he was retaining new counsel this week.

Given the ongoing status of the third-party financial discovery and the Defendants' discovery deficiencies, the United States respectfully requests that the Court maintain the status quo for an additional six weeks and continue to hold all deadlines in abeyance during that time.  Current counsel for Defendants consents to this request.  The United States further requests that the Court seek clarification at the upcoming telephonic hearing on December 5, 2018 regarding the status of Defendants' representation by counsel if a substitution of counsel has not occurred by that date.


Respectfully submitted,

GRANT C. JAQUITH
United States Attorney


By:        *s/John D. Hoggan, Jr.*
JOHN D. HOGGAN, JR.
Assistant United States Attorney
Bar Roll No. 511254


cc:      counsel of record (via ECF)