UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       **Plaintiff,**

 vs.              5:18-CV-440
                   (MAD/TWD)

DOUGLAS S. WATERBURY, CAROL A.
WATERBURY, E&A MANAGEMENT CO.,
and ONTARIO REALTY, INC.,

       **Defendants.**
_____

APPEARANCES:         OF COUNSEL:

**OFFICE OF THE UNITED**    **LORI K. WAGNER, AUSA**
**STATES ATTORNEY**       **ELIZA SIMON, AUSA**
950 Pennsylvania Avenue NW   **KATHERINE RAIMONDO, AUSA**
Washington, D.C. 20530
Attorneys for the Government

**GANGULY BROTHERS, PLLC**  **ANJAN K. GANGULY, ESQ.**
140 Allens Creek Road - Suite 220
Rochester, New York 14618
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

   On April 11, 2018, the United States of America filed a complaint against Defendants Douglas S. Waterbury, Carol A. Waterbury, E&A Management Co., and Ontario Realty, Incorporated, alleging violations of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601, *et seq.* ("Fair Housing Act"). *See* Dkt. No. 1. The United States alleged that Defendants were owning, managing, and/or operating properties in Oswego, New York through discriminatory means. *See id.* On August 8, 2019, the Government filed a proposed consent

1

decree, signed by all parties.  *See* Dkt. No. 61.  This Court entered the Consent Decree the next day.  *See* Dkt. No. 63.  The Consent Decree stated as follows:

> Unless otherwise specified or extended pursuant to Paragraph 70, the provisions of this Consent Decree shall be in effect for a period of five (5) years from the date of this Consent Decree.  The Court shall retain jurisdiction for a period of five (5) years after the effective date, for the purpose of enforcing or interpreting the provisions of this Consent Decree, after which the case shall be dismissed with prejudice.

*Id.* at ¶ 14.

On December 4, 2020, the United States filed a Motion to Enforce the Consent Decree and for Sanctions.  *See* Dkt. No. 70.  Defendant opposed the motion, *see* Dkt. No. 77, and the United States replied.  *See* Dkt. No. 80.  On September 22, 2021, the Court granted in part and denied in part the motion.  *See* Dkt. No. 84.  Defendants were held in contempt for violating the Consent Decree and fined $15,000.  *See id.*  Throughout 2022, the parties litigated an issue concerning attorneys' requests to withdraw as counsel for Defendants.  *See* Dkt. Nos. 85, 86, 89, 90, 98, 106.  New counsel appeared on Defendants' behalf on June 9, 2022.  *See* Dkt. No. 115.  There has been no litigation in this case since that time.

Presently pending before the Court is Defendants' motion to dismiss this case with prejudice based on the five-year limit set forth in the Consent Decree.  *See* Dkt. No. 116.  Defendants filed their motion on August 20, 2025.  *See id.*  The United States has not responded.

"It is without question that consent decrees may expire under their own terms."  *J.G. v. Bd. of Educ. of Rochester City Sch. Dist.*, 193 F. Supp. 2d 693, 700 (W.D.N.Y. 2002) (citing *Balark v. City of Chicago*, 81 F.3d 658, 663 (7th Cir. 1996); E.*E.O.C. v. Local 40, International Assoc. of Bridge, Structural and Ornamental Iron Workers*, 76 F.3d 76, 80 (2nd Cir. 1996)).  Here, the Consent Decree included an effective period of five years beginning on August 9, 2019.  *See* Dkt.

No. 63.  As such, it expired on August 9, 2024.  Neither party moved to extend the terms of the Consent Decree.  The United States has not objected to its termination.

Accordingly, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 116) is **GRANTED**; and the Court further

**ORDERS** that the case is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon the parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated:  February 9, 2026
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

3